UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAREN MARTHALER,

                Plaintiff,                          Case Number 11-15315
                                                                       Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Before the Court in this Social Security appeal is the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The plaintiff seeks fees in the amount of $2,198.50. The plaintiff prevailed in this action after the Court entered judgment vacating the Commissioner's decision denying benefits and remanding the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

The defendant does not contest the plaintiff's entitlement to fees under the EAJA, nor does he take issue with the amount. However, the defendant contends that the fees should be tendered to the plaintiff, not his attorney (as the motion requests) and thereby be subject to offsets for debts owed to the government. The plaintiff responds that he executed an assignment of fees to his attorney, so the fees should be sent to him.

The EAJA provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . [in] proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances

make the award unjust." 28 U.S.C. § 2412(d)(1)(A). To recover a fee award under the EAJA, a claimant must show: (1) that she is the prevailing party; (2) the government's position was not substantially justified; and (3) no special circumstances make the award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing *INS v. Jean*, 496 U.S. 154, 158 (1990)). As noted above, the defendant does not contest any of these elements in this case.

In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the claimant in fact owed the Government a debt that predated the district court's EAJA fee award. However, the Court noted, albeit in *dicta*, that "the Government has . . . continued the direct payment [to attorneys] practice . . . where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 597 (internal quotation marks omitted).

Even after *Ratliff*, several courts continue to honor the practice of ordering direct payment of the attorney's fees under the EAJA to the attorney, if there is no preexisting debt owed by the claimant, and the claimant has executed an assignment of fees. *See Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp. 2d 667, 671 (E.D. Mich. 2011) (collecting cases). In this case, the Commissioner has not asserted that the plaintiff here owes the government any money, explaining that he may not engage in that undertaking until after a fee award is made.

Nonetheless, the plaintiff executed a valid assignment of fees under the EAJA. Therefore, the attorney's fees should be paid directly to the plaintiff's attorney "after the defendant has

completed its customary investigation into any outstanding federal debts owed by the plaintiff."
*Cutler v. Astrue*, 2011 WL 901186, at *1 (N.D. Ohio March 14, 2011).

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees under the Equal
Access to Justice Act [dkt. #15] is **GRANTED**.

It is further **ORDERED** that fees are awarded to the plaintiff in the amount of $2,198.50.


It is further **ORDERED** that the defendant shall pay the fees to the plaintiff's attorney,
Seward, Tally & Piggott, P.C., subject to any offset for debts the plaintiff owed to the United States,
as permitted by law.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  June 4, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on June 4, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI